**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 99-31356
Summary Calendar
_____

TIMO ERIC VON HELIN, III,

Petitioner-Appellant,

versus

IMMIGRATION AND NATURALIZATION
SERVICE; US BUREAU OF PRISONS,

Respondents-Appellees.

--------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:99-CV-1087
--------------------------------------------------------
July 14, 2000

Before HIGGINBOTHAM, DeMOSS and STEWART, Circuit Judges:

PER CURIAM:[*]

Timo Eric Von Helin, III, a native and citizen of Finland, appeals the dismissal of his 28 U.S.C. § 2241 petition in which he challenged his detention by the Immigration and Naturalization Service (INS) after he completed a criminal sentence for mailing threatening communications. Apparently, he has been charged as removable as an alien who has remained in the United States for a time longer than permitted. He has since been released on bond.

The district court construed Von Helin's § 2241 petition as a request for release from detention without bond or on a reduced bond pending the resolution of his immigration proceeding, as well as a petition for a favorable ruling on his request for cancellation of removal and adjustment

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

of status.  Von Helin does not challenge the bases for the district court's dismissal of his petition, but rather, argues that he has been subjected to inhumane conditions of confinement and inadequate medical care, and requests monetary compensation.  These claims should have been and probably were made in Von Helin's corresponding civil rights complaint.  See Heck v. Humphrey, 512 U.S. 477, 481 (1994).  Moreover, to the extent he is challenging his former detention, that claim is moot because he has been released on bond.

Von Helin's allegations that his conviction resulted from lies and fabrications are conclusional and speculative and Von Helin provides no factual basis for them whatsoever.  Moreover, under 8 U.S.C. §§ 1252(g) and 1226(e), this court lacks jurisdiction to hear Von Helin's claims relating to his detention by the INS and/or his removability.  The district court did not err in dismissing Von Helin's § 2241 petition.

AFFIRMED.